**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy  (#304851)
Charles H. Linehan (#307439)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  info@glancylaw.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN HAYES, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>HUAZHU GROUP LTD., and MIN (JENNY) ZHANG,<br><br>                              Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Branden Hayes ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Huazhu Group Ltd. ("Huazhu" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Huazhu; and (c) review of other publicly available information concerning Huazhu.

## NATURE OF THE ACTION AND OVERVIEW

1.     This is a class action on behalf of persons and entities that acquired Huazhu securities between May 14, 2018 and August 28, 2018, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.     Huazhu operates hotels in China. It was formerly called China Lodging Group Ltd. and changed its name to Huazhu, effective June 1, 2018.

3.     On August 28, 2018, media outlets reported that Chinese police were investigating a possible leak of client information from Huazhu, stating that nearly 500 million pieces of customer-related information, including registration information, personal data, and booking records, had emerged in an online post.

4.     On this news, the Company's share price fell $1.55 per share, or approximately 4.36%, to close at $33.98 per share on August 28, 2018.[1] The news was absorbed by the market over the next several trading sessions, with shares dropping $1.09 per share on August 30, 2018, $0.67 per share on September 4,

---

[1] The Company announced a ratio change from 1 ADS representing 4 ordinary shares, to 1 ADS representing 1 ordinary share, for shareholders as of May 21, 2018, effective May 25, 2018. All references to the share price herein reflect the post-split price.

2018, $2.46 per share on September 5, 2018, and $0.26 on September 6, 2018, to close at $31.03 on September 6, 2018.

5.     Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company lacked adequate security measures to protect customer information; (2) that, as a result of the foregoing, the Company would be susceptible to increased litigation risk and higher expenses; (3) that, as a result of the foregoing, the Company's goodwill would potentially suffer, leading to lower revenues; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

6.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District, and the Company's securities are traded within this Judicial

District.

10.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.     Plaintiff Branden Hayes, as set forth in the accompanying certification, incorporated by reference herein, purchased Huazhu securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant Huazhu is incorporated in the Cayman Islands and its principal executive offices are in Shanghai, China.  Huazhu's ADSs trade on the NASDAQ exchange under the symbol "HTHT."

13.     Defendant Min (Jenny) Zhang ("Zhang") was the Chief Executive Officer of the Company at all relevant times.

14.     Defendant Zhang is also referred to hereinafter as the "Individual Defendant." Defendant Zhang because of her position with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market.  The Individual Defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of her position and access to material non-public information available to her, the Individual Defendant knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendant is liable for the false statements pleaded

herein.

## SUBSTANTIVE ALLEGATIONS

## Background

15.     Huazhu operates hotels in China. It was formerly called China Lodging Group Ltd. and changed its name to Huazhu, effective June 1, 2018.

### Materially False and Misleading Statements Issued During the Class Period

16.     The Class Period begins on May 14, 2018. On that day, the Company published a press release announcing its financial results for first quarter 2018, stating in relevant part:

• A total of 3,817 hotels or 384,959 hotel rooms in operation as of March 31, 2018.

• Net revenues increased 29.6% year-over-year from RMB1,614.1 million to RMB2,091.2 million (US$333.4 million) [1] for the first quarter of 2018, exceeding the higher end of our Q1 Guidance. Net revenues in 2018Q1 and the comparative for 2017 has reflected the changes in the accounting for revenue recognition in the US GAAP effective from January 1, 2018. Excluding the impact of such accounting changes, the revenue growth in Q1 under the previous accounting standards on revenue recognition would have been 30.3%.

• Excluding unrealized loss from fair value changes of equity securities of RMB136.7 million and share based compensation, adjusted EBITDA (non-GAAP) increased 47.5% year-over-year from RMB379.5 million to RMB559.7 million (US$89.2 million) for the first quarter of 2018.

• Net income attributable to China Lodging Group, Limited was RMB128.5 million (US$20.5 million) for the first quarter of 2018, compared with RMB152.6 million for the first quarter of 2017. Excluding unrealized loss from fair value changes of equity securities of RMB136.7 million and share based compensation, adjusted net income (non-GAAP) increased 67.6% year over year from RMB168.4 million to RMB282.3 million (US$45.0 million) for the first quarter of 2018.

• To strengthen our partnership with AccorHotels, Huazhu had made a strategic investment of about 4.5% in AccorHotels and suggested a representation on the board of AccorHotels accordingly. This suggestion has been positively received by AccorHotels and shall be discussed further in the coming weeks.

• The Company provides guidance for Q2 2018 net revenues growth of 24%-26% year over year, and revises upward the full year net revenues growth estimate ranges from 16%-19% to 18%-22% accordingly.

* * *

As of March 31, 2018, the Company's loyalty program had approximately 108 million members, who contributed approximately 76% of room nights sold during the first quarter of 2018 and approximately 87% of room nights were sold through the Company's own direct channels.

"We are excited to report a great start to the year. In the first quarter, same-hotel RevPAR grew by 6.5%, exceeding our expectation and reflecting the solid economic growth. Our fast expansion in mid- and upscale hotels are well on track. In the first quarter of 2018, our mid- and up-scale room count increased by 92% year-over-year, and accounted for approximately 32% and 80% in total rooms in operation and in pipeline, respectively." commented Ms. Jenny Zhang, Chief Executive Officer of China Lodging Group.

17.    On August 22, 2018, the Company announced its financial results for the second quarter 2018, stating in relevant part:

- A total of 3,903 hotels or 393,417 hotel rooms in operation as of June 30, 2018.

- Net revenues increased 25.9% year-over-year from RMB2,002.4 million to RMB2,521.3 million (US\$381.0 million)[1] for the second quarter of 2018, hitting high-end of Q2 revenue guidance.

- Income from operations increased 53.2% year-over-year from RMB438.0 million to RMB671.0 million (US\$101.4 million) for the second quarter of 2018. The operating margin improved from 21.9% to 26.6%.

- Net income attributable to Huazhu Group Limited was RMB338.4 million (US\$51.1 million) for the second quarter of 2018, compared with RMB386.1 million for the second quarter of 2017. Excluding unrealized losses from fair value changes of equity securities and share based compensation, adjusted net income attributable to Huazhu Group Limited (non-GAAP) increased 38.7% year over year from RMB402.1 million to RMB557.8 million (US\$84.3 million) for the second quarter of 2018.

- Excluding unrealized losses from fair value changes of equity securities and share based compensation, adjusted EBITDA (non-GAAP) increased 35.1% year-over-year from RMB714.4 million to RMB965.0 million (US\$145.8 million) for the second quarter of 2018.

- The Company provides guidance for Q3 2018 net revenues growth of 10.5%-12.5% year over year, and maintains the full year net revenues growth estimate range of 18%-22%.

* * *

- As of June 30, 2018, the Company's loyalty program had approximately 113 million members, who contributed approximately

75% of room nights sold during the second quarter of 2018 and approximately 86% of room nights were sold through the Company's own direct channels.

"We are excited about the strong performance in the second quarter. Our same-hotel RevPAR grew by 7.9% year-over-year despite a high comparison base during the same period in 2017. The strong demand allowed us to drive higher room rates while maintaining occupancy rate as high as 92.2% for our mature hotels. Our hotel expansion is also well on track. In the first half of 2018, we opened a total of 274 hotels (gross opening) with 65% under mid- and up-scale brands. The number of hotels in pipeline reached 839, a record high number," commented Ms. Jenny Zhang, Chief Executive Officer of Huazhu.

18.    The above statements identified in ¶¶ 16-17 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that the Company lacked adequate security measures to protect customer information; (2) that, as a result of the foregoing, the Company would be susceptible to increased litigation risk and higher expenses; (3) that, as a result of the foregoing, the Company's goodwill would potentially suffer, leading to lower revenues; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

19.    On August 28, 2018, media outlets reported that Chinese police were investigating a possible leak of client information from Huazhu. An article by Reuters stated:

AUGUST 28, 2018 / 11:02 PM /

**China police investigate possible data breach at hotel operator Huazhu**

SHANGHAI (Reuters) - Chinese police are investigating a possible leak of client information from Huazhu Group, after state media said nearly 500 million pieces of customer-related information from the hotel operator had emerged in an online post.

Shanghai's Changning District police said, on their official Weibo account late on Tuesday, that they had been alerted to the possible data breach by the company.

Huazhu operates 18 brands in China including that of French hotel group AccorHotel's Mercure and Ibis hotels. The company's headquarters are in Shanghai's Changning district.

Xinhua reported on Wednesday that nearly 500 million pieces of information related to the hotel group's customers had emerged on an online post on Tuesday, which included customer registration information, personal data and booking records.

20.    On this news, the Company's share price fell $1.55 per share, or approximately 4.36%, to close at $33.98 per share on August 28, 2018. The news was absorbed by the market over the next several trading sessions, with shares dropping $1.09 per share on August 30, 2018, $0.67 per share on September 4, 2018, $2.46 per share on September 5, 2018, and $0.26 on September 6, 2018, to close at $31.03 on September 6, 2018.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired Huazhu securities between May 14, 2018 and August 28, 2018, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

22.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Huazhu's ADSs actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Huazhu ADSs were traded publicly during the Class Period on the NASDAQ.  Record owners and other members of the Class may be identified from records maintained by Huazhu or its transfer agent and may be notified of the

pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

23. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

24. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

25. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Huazhu; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

26. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

27. The market for Huazhu's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Huazhu's securities traded at artificially

inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired Huazhu's securities relying upon the integrity of the market price of the Company's securities and market information relating to Huazhu, and have been damaged thereby.

28.    During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Huazhu's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Huazhu's business, operations, and prospects as alleged herein.

29.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Huazhu's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

30.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

31.    During the Class Period, Plaintiff and the Class purchased Huazhu's

securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

32.   As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendant, by virtue of her receipt of information reflecting the true facts regarding Huazhu, her control over, and/or receipt and/or modification of Huazhu's allegedly materially misleading misstatements and/or her associations with the Company which made them privy to confidential proprietary information concerning Huazhu, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
### (FRAUD-ON-THE-MARKET DOCTRINE)

33.   The market for Huazhu's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Huazhu's securities traded at artificially inflated prices during the Class Period.  On June 18, 2018, the Company's share price closed at a Class Period high of $49.48 per share.  Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Huazhu's securities and market information relating to Huazhu, and have been damaged thereby.

34.     During the Class Period, the artificial inflation of Huazhu's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Huazhu's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Huazhu and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

35.     At all relevant times, the market for Huazhu's securities was an efficient market for the following reasons, among others:

(a)     Huazhu shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Huazhu filed periodic public reports with the SEC and/or the NASDAQ;

(c)     Huazhu regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Huazhu was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

36.     As a result of the foregoing, the market for Huazhu's securities promptly digested current information regarding Huazhu from all publicly available sources and reflected such information in Huazhu's share price. Under these circumstances, all purchasers of Huazhu's securities during the Class Period suffered similar injury through their purchase of Huazhu's securities at artificially inflated prices and a presumption of reliance applies.

37.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.   Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## **NO SAFE HARBOR**

38.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants

are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Huazhu who knew that the statement was false when made.

### FIRST CLAIM
**Violation of Section 10(b) of The Exchange Act and
Rule 10b-5 Promulgated Thereunder
Against All Defendants**

39.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

40.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Huazhu's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

41.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Huazhu's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

42.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged

and participated in a continuous course of conduct to conceal adverse material information about Huazhu's financial well-being and prospects, as specified herein.

43. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Huazhu's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Huazhu and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

44. The Individual Defendant's primary liability and controlling person liability arises from the following facts: (i) the Individual Defendant was a high-level executive and/or director at the Company during the Class Period and member of the Company's management team or had control thereof; (ii) the Individual Defendant by virtue of her responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) the Individual Defendant enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) the Individual Defendant was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

45. Defendants had actual knowledge of the misrepresentations and/or

omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Huazhu's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities.  As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

46.    As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Huazhu's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Huazhu's securities during the Class Period at artificially high prices and were damaged thereby.

47.    At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Huazhu was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have

purchased or otherwise acquired their Huazhu securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

48. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

49. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**SECOND CLAIM**
**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendant**

50. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

51. The Individual Defendant acted as a controlling person of Huazhu within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendant had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendant was provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52.    In particular, Individual Defendant had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

53.    As set forth above, Huazhu and Individual Defendant each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of her position as controlling person, Individual Defendant is liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 8, 2018

**GLANCY PRONGAY & MURRAY LLP**


By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Attorneys for Plaintiff Branden Hayes*

**SWORN CERTIFICATION OF PLAINTIFF**

Huazhu Group Limited, **SECURITIES LITIGATION**

I, Branden Hayes, certify:

1. I have reviewed the complaint and authorized its filing and/or adopted its allegations.

2. I did not purchase Huazhu Group Limited, the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in Huazhu Group Limited, during the class period set forth in the Complaint are as follows:

   See Attached Transactions

5. I have not served as a representative party on behalf of a class under this title during the last three years except as stated:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

   ___☐ Check here if you are a current employee or former employee of the defendant Company.

   I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: 10/5/18

_____
(Please Sign Your Name Above)

[REDACTED]

**Branden Hayes's Transactions in**
**Huazhu Group Limited (HTHT)**

| Date | Transaction Type | Quantity | Unit Price |
|------|------------------|----------|------------|
| 06/07/2018 | Bought | 70 | $49.3000 |